Good morning. May it please the Court, my name is Pam Critchfield. I work for the California Attorney General's Office, and I represent the respondent appellee in this matter. I assume you don't know why Mr. Pyle is not with us. I have no idea. I wish I did. Is there anything that you want to tell us? I could... You're not obligated to, and you don't have to answer the arguments that aren't made. But if there is something, since we've troubled you to come here, if there's something that you want to tell us, you're invited to do so. Beyond what is in my brief, unless there are questions, probably not. I just would submit it. Let me ask one question. Sure. And I don't know that really affects the bottom line at all, but I'm trying to figure out, the California court characterized this as a single sentence, not to be divided into component parts, and yet as I go through the record, it seems evident that it's constructed by adding up component parts. Yes, Your Honor. But the way that they're served is they call it an aggregate sentence. Within the scheme of the California sentencing law, it's an aggregate sentence so that it's added up, but there's no definition to when those are being served. He has a 28-year aggregate sentence made up of 12 years, I believe, on the – for the offenses against the minor male and 16 years against the female. And they're not in an order. It's just – it's the way it's defined. Suppose he's good the whole time. So you can tell me – you can't tell when the 16 years would have been served, but sometime during those 28 years, he's serving 16 for offenses that took place before the statute. So why isn't he entitled to the benefit of the previous version of the statute for those 16 years? If he was good for the whole time? Yeah. Well, because the offenses straddle the statute. And, I mean, we argue that the court of appeals said you had notice. I mean, it's like it's analogous to the three strikes law where you committed some offenses before. Well, the three strikes law is a little different in the sense that the sentence imposed the last time is for the last offense. The fact that you have these black marks on your record can be considered in sentencing at that last time. In this case, the last offense doesn't result in a 28-year sentence. That sentence is made up of component part. Right. But the sentence is not what's at issue. It's the custody credits that he gets on that sentence. And whether some portions of that are actually for the previous offenses. In the three strikes case, the sentence is for the last offense. True. And so I mean, it's the California court of appeal decision that caused me to scratch my head. I'm not putting this on you, but it seemed to me that if you have a sentence that is so clearly constructed from component parts, the notion that we disregard the component parts, I also think it's pretty clear the Supreme Court hasn't spoken to that. Exactly. And that would be in the argument. Which is your primary argument. That's my primary argument. I understand that. Yes. I have to confess, I didn't and don't understand the logic of the California court of appeals statement. Anything else you want to tell us? No. I appreciate your presence. We thank you for your insight. Can I ask you one more question? Has the record been developed as to how many counts with respect to the male victim occurred before the change in the statute? No. There was the events occurred or they were charged as occurring from 90 to 95, September of 95. The law was effective September of 94. And when we appealed, the people appealed the 50 percent credits, the judge made a the trial judge, not the trial judge, actually, it was a judge they went back to afterwards said, okay, I'm going to apply the 50 percent credits across the board. Our argument was that which Fifteen, I thought. Is it 50 or 15? Fifteen has been applied. He wants 50. Right. So 5-0 is what he claims to be entitled to. We made the argument when we appealed the order that those events occurred against the male minor all after the effective date of the statute. The court of appeal did not buy that argument. They said we're going to assume they all applied. You can't say when those events occurred, before or after, because of the way that it was pled and there was no proof in the record. So we assumed, so I believe the court of appeal assumed that they all applied before. The offenses as to the minor female clearly, concededly applied afterwards. Ms. Critchfield, may I ask you a question? Your relation, as I noted, which I just took, is that the offenses against the male minor took place between 1990 and September 1995. Correct. When was the conviction for those offenses entered? For the male, offenses against the male? Sometime after September 1995. Yes. The statute took effect in 1994. Correct. September of 94. So he wasn't convicted until the statute had already taken effect. Correct. That's correct. His conviction wasn't until 2001, I think. Thank you. Thank you. Whose obligation is it to develop the record? Pardon me? Whose obligation is it to develop the record? As to when those convictions took place? No, no. When, whether the crimes with respect to the male victim took place before the statute was amended. Would it be the prosecutions? Is that what you're asking me? Well, yes, we would argue that. He doesn't, I'm not sure that he, I'm not sure that he even argues that, does he? I don't believe that he's even arguing those offenses. The district court assumed they took place before, against the male minor. And I believe the court of appeals said the same thing, that we can't, we don't know. We're not going to make an assumption of that. He has not, he has not made an assumption of that. He has not made, he likes, his premise is that they occurred before. He doesn't have proof of that. And it was not possible to make that determination? I don't believe so, no, Your Honor. Was there a grand jury? No, there was no. I believe this was just an information. And the information just said between 90 and 95 or whatever? Yes. Thank you. The case just argued is submitted. We're adjourned. Thank you.
judges: Korman, Clifton, Bea